1  Robin K. Perkins, SBN: 131252
   Natalia D. Asbill, SBN: 281860
2  PERKINS & ASSOCIATES
   300 Capitol Mall, Suite 1800
3  Sacramento, CA 95814
   Telephone:     (916) 446-2000
4  Facsimile:     (916) 447-6400
   rperkins@perkins-lawoffice.com
5  nasbill@perkins-lawoffice.com

6  James J. Falcone, SBN:131235
   Law Office of James J. Falcone
7  300 Capitol Mall, Suite 1800
   Sacramento, CA 95814
8  Telephone:     (916) 442-4204
   JFalcone@JFalconeLaw.com
9
   Attorneys for Joseph Mohamed Sr.
10

11         **UNITED STATES BANKRUPTCY COURT**
           **EASTERN DISTRICT OF CALIFORNIA**

12 In re:                          Case No. **13-21180-C-11**

13 KOBRA PROPERTIES, a California   Docket Control # **RKP-01**
   General Partnership, *et. al.*
14                                  **Date:**       August 28, 2013
                                    **Time:**       10:00 am.
15                                  **Judge:**       Hon. Christopher Klein
                                    **Courtroom**:   35, Dept. C
16

17

18    **Points & Authorities: Motion by Joseph Mohamed, Sr. for Relief from**

19 **Automatic Stay, And Either to Compel Abandonment of Personal Property, or**

20    **in the Alternative, for Order Finding That the Subject Property Is**

21                      **Not Property of the Estate**

22        [11 U.S.C. §§ 362, 554; Fed. R. Bankr. P. 4001, 6007]

23
   **I. INTRODUCTION**
24
         Joseph Mohamed, Sr., an individual ("Mohamed") moves for relief from stay,
25
   and alternatively to compel the abandonment Debtor's interest in Maps (defined
26

27

28
   Motion by Joseph Mohamed Sr. for Relief from
   Sta

below) related to a parcel of real property[1] that is not an asset of the Estate (pursuant to Bankruptcy Code Section 554), or, determine that the maps themselves are not property of the estate.  Mohamed acquired the real property and associated personal property by purchase.

A dispute has arisen as to his rights in certain property (specifically, a Parcel Map).  Mohamed brought an action in the state court, but the state court found Kobra to be a necessary party.

Mohamed brought a similar motion to this in Kobra Properties 2008 bankruptcy case #08-37271-C-11 ("Kobra 1") resulting in the Trustee abandoning the Maps.

## II. REQUEST FOR RELIEF

1. By this Motion, Mohamed requests the Court order:

a. full and complete relief from the automatic stay of 11 U.S.C. Section 362(a) as to Kobra's interest in the "Maps" (defined below);

b. finding that the Maps are not property of the estate pursuant to Bankruptcy Code section 11 U.S.C. 541 as they were not property of the debtor on commencement of this case, or as a result of foreclosure or abandonment; or alternatively, the abandonment of the "Maps" pursuant to Bankruptcy Code section 11 U.S.C. § 554 on the grounds that the Maps are burdensome or of inconsequential value to the bankruptcy estate (the "Estate");

---

[1] Commonly known as:  Atherton Corporate Center, APN 365-020-001.

c. Waiver of any stay of the order granting this Motion provided by Fed. R. Bankr. P. 4001(a)(3) and by Fed. R. Civ. P. 62(a) as incorporated by Fed. R. Bankr. P. 7062 so that it is deemed effective as of the date the Court enters its order; and

d. For such other and further relief as the Court deems just.

### III. JURISDICTION

2.  Debtor filed a voluntary petition herein January 30, 2013 under Chapter 11 of the Bankruptcy Code (11 U.S.C. Section 101 et seq.).  This court has jurisdiction to hear this motion pursuant to 28 U.S.C. §§1334 and 157(b)(2), 11 U.S.C. §§ 554 and 105, and Federal Rule of Bankruptcy Procedure 6007. This is a core proceeding pursuant to 28 USC. §§ 157(b)(2)(A) and (G).

### IV. STATEMENT OF FACTS

3.  Herein, "Maps" are:

• All tentative and final maps that pertain to the Real Property;

• All preliminary, engineering and autoCAD drawings, plans and specifications including but not limited to architectural, structural, and mechanical drawings that pertain to the Real Property;

• All governmental permits, licenses, certificates, and other governmental approvals, if any, that pertain solely to the Real Property; and

• All claims to credits for development, including but not limited to credits from South Placer Municipal Utility District that pertain to the Real Property.

4.  Mr. Mohamed brought this same motion in Kobra Properties 2008 bankruptcy case (#08-37271-C-11).  Effective July 5, 2013, the Ch. 11 Trustee

abandoned any interest in the Maps.  (Court Order, Docket #  659)  On

Abandonment, Kobra Properties may have obtained an interest in the Maps.

   **The Atherton Center**

APN 365-020-001
6351 West Oaks Blvd
Rocklin, CA 95765 Placer County

   5. Mohamed is an interested party under 11 U.S.C. Section 554 because he is

the owner of the Sunset West Lot 1-Atherton Center, (the "Atherton Center") real

property located in Placer County, California that was formerly owned by the Debtor.

(Decl.  Mohamed, para. 1)

   6.  In Kobra 1, Kobra filed a motion seeking authority to abandon certain

property of the estate, including the Atherton Center.  (Docket # 20, MCN SHB-5).

In support of that motion the Declaration of Abe Alizadeh states that the properties

listed on Exhibit E thereto "have no equity" and "are not part of the Debtor's

reorganization strategy.  (Docket # 31, Decl. Alizadeh, para. 21.)   The subject

property, the "Atherton Center", is the eighth property listed on that Exhibit E.

   7.  Debtor's secured creditor KeyBank obtained relief from stay in Kobra 1

(Docket # 758) and conducted a nonjudicial foreclosure of the Atherton Center.

   8.  The Atherton Center and all entitlements thereto were subsequently sold at

Trustee's Sale to Oreo Corp.

   9.  The Deed of Trust that had secured KeyBank's loan to Debtor is provided

as Exhibit B to the Declaration of Penny Rohrs, (Docket # 142, MCN MHA-1).  The

Deed of Trust grant of property as security for the debt begins on page 10, Docket

#142.  At page 11 of Docket # 142, as part of the grant, under subparagraph 1.1 (I),

the Deed of Trust includes as security, in pertinent part:

"(I) All rights to the payment of money, accounts, accounts receivable,

reserves, deferred payments, refunds, cost savings, payments and deposits,

whether now or later to be received from third parties (including all earnest

money sales deposits) or deposited by Trustor with third parties (including all

utility deposits), *contract rights, development and use rights and agreements,*

*governmental permits, licenses, consents, approvals, authorizations and*

*applications, plats, maps, surveys, architectural and engineering plans,*

*specifications and drawings, as-built drawings, reports, test borings, market*

*surveys, and other similar work products*, chattel paper, instruments,

documents, notes, drafts and letters of credit (other than letters of credit in

favor of Beneficiary), which arise from or relate to construction on the Premises

or to any business now or later to be conducted on it, or to the Premises and

Improvements generally and any builder's or manufacturer's warranties with

respect thereto;...(Docket # 142, MCN MHA-1, emph.  added)"


        10.  Given that the Maps were security granted under the Deed of Trust, for

which the creditor obtained relief from stay to foreclose, the Maps were sold at the

Trustee's Sale, along with the real property.

11. Oreo Corp subsequently conveyed the Atherton Center to Mohamed (Decl. J Mohamed, para. 1).  With the Atherton Center, Oreo Corp assigned Mohamed the following:

(a) All development rights, entitlements, governmental permits, licenses, certificates, and other governmental approvals, if any, that pertain solely to the Real Property;
(b) all existing casements, rights of way and other rights appurtenant to the Real Property;
(c) all existing buildings, improvements and fixtures, if any, located on the Real Property;
(d) The Books and Records, as defined in the Purchase Agreement; and
(e) all rights as "Developer," if any, including rights, if any, as Declarant under the homeowners' association for the Property, if any, but without representation or warranty of any kind as to the existence of same.

(Decl.  J Mohamed, para.  2, and Exhibit B thereto).


12.  The Final Parcel Map for the Atherton Center, along with all related drawings and engineering diagrams, are included in the Maps that were acquired by Mohamed, and are in the possession of Burrell Consulting Group, Inc.  ("Burrell") Burrell had prepared and submitted the tentative Parcel Map to the City of Rocklin. The tentative Parcel Map was returned by the City, listing corrections to be made before re-submission. (Decl.  J Mohamed, para. 3.) Burrell refuses to provide the Maps to Mohamed. (Decl.  J Mohamed, para. 4)  Burrell was a party to an Adversary Proceeding in Kobra 1, number 08-37271, brought by the trustee in this case to

recover preferential transfers.  That Adversary was dismissed (Docket #22).  Burrell became a consultant to the Trustee in this case, by Order entered September 6, 2010 (Docket #2908).

13.  Mohamed filed an action in California State Court, Sacramento County (Superior Court # 2011-00103669), to determine his rights to the Atherton Center Maps in relation to Burrell.  The State Court has determined that the debtor Kobra is a necessary party to the state court action, due to its possible interest in the Maps. (Dec. R. Perkins, para. 3).  Mohamed brought a motion in Kobra 1 and the Maps were abandoned,

## E. ARGUMENT & AUTHORITIES

### 1.  Relief From Stay

Section 362(d) of the Bankruptcy Code provides for circumstances under which this Court may terminate, annul, modify or condition the automatic stay imposed upon the filing of a petition for relief under Chapter 11. That section provides:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay....

(2) with respect to a stay of an act against property under subsection (a) of this section, if-
(A) the debtor does not have an equity In such property; and
(B) such property is not necessary to an effective reorganization; ...

In *In re Gauvin,* 24 B.R. 578, 580 (9th Cir. B.A.P. 1982), the court stated: [Section] 362(g) puts the burden on the debtor in (d)(1) to prove absence of cause and in (d)(2)(B) to prove necessity to effect reorganization ... Further, a "party seeking relief under section 362(d) need establish only one of the "alternative grounds for relief. ... " *In re Polries Brothers*, 49 B.R. 669, 674 (Bankr. D.N.D. 1985).

Here, the debtor has no equity in the property and the property is not necessary to an effective reorganization.  The Maps are directly related to the specified parcel of real property which are not longer property of the estate, and have no value to the estate independent of the specified parcel of real property.  The Maps do not generate positive cash flow.  The Debtor had not listed the Maps in any of its property schedules.  The Maps are related to the individual parcel of real property.  This real property is not property of the Estate, and thus the Maps are not necessary to an effective reorganization.

**2. The Maps are not Property of the Estate:**

    **A.**    **The Debtor Did Not Have An Interest
At Commencement of the Case**

11 USC section 541 (a) provides that estate is comprised of all interests of the debtor in property as of the commencement of the case.  The Maps were property of the bankruptcy estate in Kobra 1 (#08-37271-C-11).

## B.    Foreclosure of Personal Property Collateral

A secured party's disposition of collateral after default transfers to a transferee for value all of the debtor's rights in the collateral. (Calif. Com. Code § 9617(a)(1).)  A transferee that acts in good faith takes free of the rights and interests described in Calif. Com. Code § 9617(a), even if the secured party fails to comply with Division 9 or the requirements of a judicial proceeding. (Calif. Com. Code § 9617(b).)

As the deeds of trust discussed above exemplify, construction and development loans include as security what are defined as Maps in this motion.  In each of the four specified parcels, movant acquired the Maps along with the real property.

### 3. Abandonment

Any interested party may seek to compel the trustee (or DIP) to abandon property of the estate by motion showing that the property is burdensome or of inconsequential value and benefit to the estate. 11 USC § 554 (b); Fed. R. Bank. Proc. 6007(b).

The Maps do not generate positive cash flow at this time.  The Maps are directly related to the specified parcel of real property, and have no value to the estate independent of the real property, was never property of the estate.  The Debtor had not listed the Maps in its property schedules.  Therefore the Debtor's interest has no monetary value to the Estate. Furthermore, there is no business

PERKINS & ASSOCIATES
300 Capitol Mall, Suite 1800
Sacramento, CA  95814
916.446.2000

connection between these Maps and other property of the Estate.  The Maps are of inconsequential value and benefit to the estate.

4**. The Maps are not Property of the Estate:**

**Foreclosure of Personal Property Collateral**

A secured party's disposition of collateral after default transfers to a transferee for value all of the debtor's rights in the collateral. (Calif. Com. Code § 9617(a)(1).)  A transferee that acts in good faith takes free of the rights and interests described in Calif. Com. Code § 9617(a), even if the secured party fails to comply with Division 9 or the requirements of a judicial proceeding. (Calif. Com. Code § 9617(b).)

As the deeds of trust discussed above exemplify, construction and development loans include as security what are defined as Maps in this motion.  In each of the four specified parcels, movant acquired the Maps along with the real property.

**F. PRAYER**

PERKINS & ASSOCIATES
300 Capitol Mall, Suite 1800
Sacramento, CA  95814
916.446.2000

**WHEREFORE,** Mohamed respectfully requests that the Court enter an order:

a. granting full and complete relief from the automatic stay of 11 U.S.C. Section 362(a) as to Kobra's interest in the Maps for the Atherton Center;

b. the abandonment of the Maps for the Atherton Center, pursuant to Bankruptcy Code section 11 U.S.C. § 554 on the grounds that the Maps are of inconsequential value to the bankruptcy estate; or alternatively, finding that these Maps are not property of the bankruptcy estate pursuant to Bankruptcy Code section 11 U.S.C. 541;

c. Waiver of any stay of the order granting this Motion provided by Fed. R. Bankr. P. 4001(a)(3) and by Fed. R. Civ. P. 62(a) as incorporated by Fed. R. Bankr. P. 7062 so that it is deemed effective as of the date the Court enters its order; and

d. For such other and further relief as the Court deems just.

Dated:  July 26, 2013

**LAW OFFICE OF JAMES J. FALCONE**

**/S/  James J. Falcone**
_____

**JAMES J. FALCONE, ESQ.**